# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0339** (Fayette County 15-F-59)

**Robert I. Brown Jr.,**
**Defendant Below, Petitioner**

**FILED**

**October 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert I. Brown Jr., by counsel Dennie S. Morgan Jr., appeals the Circuit Court of Fayette County's April 9, 2018, resentencing and commitment order.[1] The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case stems from the gruesome November 13, 2014, shooting at petitioner's home, which resulted in the death of Jamaal Calhoun. Petitioner confessed to shooting Mr. Calhoun, but argued that it was done in self-defense after Mr. Calhoun threatened petitioner's family. Although petitioner maintained that Mr. Calhoun brandished what petitioner perceived to be a handgun, Mr. Calhoun was unarmed and had no weapon on his person at the time of the offense. Notably, prior to November 13, petitioner claims to have conducted a "layman's investigation" into the death of another man, Franklin Borders. Petitioner concluded that Mr. Calhoun had been involved in Mr. Borders' murder.

---

[1] On September 8, 2020, petitioner filed a "Motion for Rule 34 Post-Conviction Bail." The State responded to petitioner's motion noting that petitioner is not eligible for post-conviction bail. Having considered petitioner's motion and the State's response in opposition, this motion is hereby denied.

Petitioner shot Mr. Calhoun multiple times with three different firearms. Specifically, the record reveals that petitioner retrieved two .357 pistols and fired eleven rounds of ammunition from those pistols. During his confession, petitioner stated that because Mr. Calhoun was still moving after he discharged the initial rounds of ammunition from the pistols, he went to his bedroom, retrieved a .12 gauge shotgun, loaded it with a slug, and fired the projectile into the back of Mr. Calhoun's head. Petitioner was indicted on a single count of second-degree murder pursuant to West Virginia Code § 61-2-3, stemming from Mr. Calhoun's murder.

At the pretrial hearing on February 13, 2017, the State advised the court that it offered petitioner a binding *Alford/Kennedy* plea to the second-degree murder charge, with a ten year sentence. *See Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987). The circuit court entered into a colloquy with petitioner about the plea offer, and the court indicated that it would accept the plea agreement. Petitioner, however, declined the plea agreement.

Petitioner then attempted to qualify Lieutenant Eubanks as an expert witness in the field of firearms and strategic training at the pretrial hearing. The State objected to this designation because although petitioner had previously disclosed Lt. Eubanks as a character witness, he had not suggested that Lt. Eubanks would be called as an expert witness prior to the pretrial. Further, petitioner did not provide the State with Lt. Eubanks' curriculum vitae, a written report from the proposed expert, a summary of facts that the proposed expert would rely upon, or even a summary of his opinions relative to the matter. Ultimately, the circuit court denied petitioner's request to qualify Lt. Eubanks as an expert noting that the "notice of intent to present an expert witness [wa]s grossly untimely made." Based upon the record, it does not appear that petitioner requested a continuance to attempt to correct the timeliness issue.

On the day of trial, February 27, 2017, the State advised the court that it had again reached a plea agreement with petitioner. Under the proposed *Alford/Kennedy* plea, petitioner would plead guilty to the second-degree murder charge. This plea agreement vested the circuit court with the sole discretion in petitioner's sentencing. The circuit court conducted a plea colloquy and, after petitioner requested that the circuit court accept the plea, the circuit court accepted petitioner's plea of guilty to second-degree murder charge. On March 31, 2018, the circuit court convened a sentencing hearing. At the sentencing hearing, the State requested a sentence of forty years of incarceration, the maximum sentence for a second-degree murder conviction pursuant to West Virginia Code § 61-2-3. After hearing the testimony of several individuals and reviewing character letters, the circuit court sentenced petitioner to a term of forty years of incarceration.

This appeal followed. On appeal, petitioner asserts three assignments of error. First, petitioner alleges that he was improperly advised of the terms of the initial plea deal because he was not advised that he would receive credit for good time served and he was not advised he could discharge the plea in five years, instead of ten years. Next, petitioner claims that the circuit court erred when it failed to qualify Lt. Eubanks as an expert witness and failed to grant a continuance of petitioner's trial to allow this expert to testify. Finally, petitioner contends that he was punished by the circuit court at sentencing for exercising his constitutional rights and for failing to accept the initial plea agreement.

Initially, petitioner claims that he was improperly advised of the terms of the initial plea agreement. Petitioner maintains the circuit court failed to advise him of the mandatory minimum sentence provided by law pursuant to Rule 11(c)(1) of the West Virginia Rules of Criminal Procedure. Specifically, he argues that the circuit court erred when it refused to advise him that he could discharge the term of the plea agreement in five, instead of ten years, for good behavior. The State, however, maintains that second-degree murder, as codified in West Virginia Code § 61-2-3, carries a mandatory minimum penalty of ten years. The State notes that petitioner was advised of the minimum sentence for second-degree murder as contemplated by the plea agreement, and further argues that the circuit court and prosecuting attorney were not required to advise petitioner of the potential for good time credit against time served.

The United States Supreme Court has recognized, "[a]n award of good time credit by the Bureau of Prisons . . . does not affect the length of a court-imposed sentence; rather, it is an administrative reward 'to provide an incentive for prisoners to "compl[y] with institutional disciplinary regulations.""" *Pepper v. United States*, 562 U.S. 476, 502 n.14 (2011). Further, this Court has held that "'[g]ood time' credit contemplates a reduction of or 'commutation from . . . sentence[ ] for good conduct.' W. Va. Code § 28-5-27(a)([2013])." *State ex rel. Valentine v. Watkins*, 208 W. Va. 26, 32, 537 S.E.2d 647, 653 (2000). We agree with the State that petitioner was not mislead as to the sentence contemplated by the initial plea agreement. As the State aptly notes, good time credit does not change the minimum penalty for an offense, but merely serves as an administrative act of reduction or commutation of the time to be served. Here, it is clear that petitioner was advised of the legislatively set minimum sentence of ten years for his charge of second-degree murder.

Next, petitioner asserts that the circuit court erred when it refused to qualify Lt. Eubanks as an expert witness and, further, that it failed to grant a continuance to allow petitioner to timely disclose an expert witness. Notably, however, the record reflects that petitioner did not request a continuance. Petitioner suggests that the trial court should have sua sponte continued the trial to allow him to timely disclose his proposed expert. The State maintains that by petitioner's acceptance of a second plea agreement, petitioner waived these claims. We agree with the State.

We have discussed that "[w]hen a defendant unconditionally and voluntarily pleads guilty to an offense, the defendant generally waives nonjurisdictional objections to a circuit court's rulings, and therefore cannot appeal those questions to a higher court." *State v. Legg*, 207 W. Va. 686, 690 n.7, 536 S.E.2d 110, 114 n.7 (2000). The circuit court's decision to not qualify Lt. Eubanks as an expert witness was not a jurisdictional issue. Likewise, the court's decision not to grant a sua sponte continuance is a nonjurisdictional issue. Thus, petitioner's assignment of error relating to Lt. Eubanks was waived by virtue of petitioner's guilty plea.

Finally, petitioner maintains that he was punished by the circuit court for declining the initial plea offer. As a factual predicate for this claim, petitioner maintains that he was initially offered a ten-year plea agreement that the State stipulated it would make binding on the circuit court. Although petitioner concedes that he refused this initial plea agreement, he claims that little changed between that time and when he accepted a plea agreement approximately two weeks later. When he was offered the latter plea agreement, however, the State refused to make the plea agreement binding on the court. After accepting petitioner's plea agreement and considering the

violent nature of the crime, the court ultimately sentenced petitioner to the maximum term for petitioner's second-degree murder conviction, a term of forty years. Petitioner now argues that the circuit court's sentencing was vindictive and violated petitioner's due process rights.

This Court reviews sentencing orders "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, [in part,] *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, in part, *State v. Eilola*, 226 W. Va. 698, 704 S.E.2d 698 (2010). Furthermore, "'sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Eilola*, 226 W. Va. at 699, 704 S.E.2d at 699, syl. pt. 1.

West Virginia Code § 61-2-3 provides "[m]urder of the second degree shall be punished by a definite term of imprisonment in the penitentiary which is not less than ten nor more than forty years." Here, it is undisputed that petitioner's forty year sentence is within the statutory limits provided in the West Virginia Code. Moreover, it is clear that a sentencing judge is not bound to impose a sentence that was offered to a defendant but was rejected. Based upon our review of the record, the circuit court was provided additional information which likely impacted the court's sentencing order. Specifically, the record reflects that the court was privy to petitioner's presentence report, had the opportunity to hear testimony from the victim's family, petitioner, and his mother, and the benefit of reviewing letters written on behalf of petitioner. Given that petitioner's sentence was within the statutory limits and not based upon an impermissible factor, we conclude that it is not subject to appellate review.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison